## Case No. 1,661.

### BORLAND et al. v. PHILLIPS et al.

[2 Dill. 383.][1]

Circuit Court, D. Kansas. 1873.

BANKRUPT ACT OF 1867—SECTION 35 CONSTRUED.

The defendants, private bankers, received from the bankrupts, who were also private bankers, after the latter had closed their doors for general business, a draft on New York "for collection," and on being advised by their correspondents in New York of its payment there, then paid the full amount thereof to one of the bankrupts: *Held*, if this payment to the bankrupts was made in good faith, without reasonable cause on the part of the defendants to believe that the bankrupts intended to make therewith any fraudulent payments or preferences, that the defendants were not liable to the assignee in bankruptcy under the 35th section of the bankrupt act [of 1867, 14 Stat. 534].

In bankruptcy. The plaintiffs [Borland and Manlove] are assignees in bankruptcy of Van Fossen & Britton, who were private bankers in Fort Scott. Defendants [Phillips and Scovill] were also private bankers in the same place. This action is brought to recover $3,000, the amount of a draft or bill of exchange on New York, which the bankrupts, a few days after their suspension, left with the defendants "for collection." The defendants forwarded the draft to their correspondent in New York for collection, and on being advised of its payment there paid the full amount thereof to one of the bankrupts. This draft was received by the defendants for collection after the bankrupts had closed their doors for general business, but within four months of the bankruptcy. On these facts the plaintiffs sought to recover under the second clause of section 35 of the bankrupt act. On the trial the defendants testified that they received and forwarded the said draft for payment only, and in good faith paid the full amount of the proceeds thereof to the bankrupts. The defendants, although they admitted that they knew the bankrupts had suspended, also testified that they had no knowledge of any intention on the part of the bankrupts to make any improper use of the money thus paid over to them; and it not appearing that the defendants had reasonable ground to suspect that any fraud was contemplated by the bankrupts, the court gave judgment for the defendants. A motion for a new trial was made by the plaintiffs upon the ground of the newly-discovered evidence of Mrs. Bailey. This motion was denied for the reasons stated in the opinion of the court.

A. A. Harris, for plaintiffs.
McComas & McKeighan, for defendants.

Before DILLON, Circuit Judge, and DELAHAY, District Judge.

DILLON, Circuit Judge. If the defendants paid over the proceeds of the draft in

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

good faith, not knowing or having reasonable cause to believe that bankrupts intended to make therewith fraudulent preferences or payments, I still think, as was decided at the trial, that they are not liable to the assignee. Such is the principle on which Darby v. Lucas [Case No. 3,573] was decided, and that case has recently been affirmed by the United States supreme court. A motion is made by the plaintiffs for a new trial on the ground of newly-discovered evidence to show that this payment was not made in good faith, but with knowledge that the bankrupts intended to make a fraudulent preference to Mrs. Bailey. Her affidavit is produced, which, unexplained, tends strongly to throw doubts upon the defendants' bona fides. But the circumstances mentioned in her affidavit are fully explained by the affidavits of the defendants; and, taking the facts stated in both affidavits together, and assuming that the same facts would be testified to on the new trial, should one be granted, the result would be the same as before. Motion denied.

NOTE [from original report]. See, as to suspension of payment by bankers and illegal preferences, Markson v. Hobson [Case No. 9,099].